# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB, LLC,** <br><br> **Plaintiffs** <br><br> V. <br><br> **GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,** <br><br> **Defendant.** | Civil Action No. 5:19-CV-00772 <br><br><br><br><br> **PLAINTIFFS' RULE 57 MOTION FOR A SPEEDY HEARING** |

Plaintiffs, Greenbrier Hotel Corporation ("Greenbrier Hotel"), The Greenbrier Sporting Club, Inc. ("Greenbrier Club"), Greenbrier Sporting Club Development Company, Inc. ("Greenbrier Development"), Old White Charities, Inc. ("Old White"), and Oakhurst Club LLC ("Oakhurst") (collectively, "the Greenbrier Entities"), by counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, respectfully state as follows:

## INTRODUCTION

The Greenbrier Entities originally filed this action in the Eastern District of Virginia and raised claims against Defendant, Goodman-Gable-Gould/Adjusters International ("GGG"), for Declaratory Judgment (Count I), Breach of Contract (Count II), and Breach of the Duty of Good Faith and Fair Dealing (Count III). See Greenbrier Hotel Corp., et al. v. Goodman-Gable-Gould/Adjusters Int'l, Case No. 3:19-cv-00623 (E.D. Va.) ("the Virginia Action"). Instead of filing an Answer, GGG moved to dismiss, or in the alternative, to transfer, this action to the

District Court for the District of Columbia based upon a forum selection clause in the Escrow Agreement executed by the parties.[1]  The District Court for the Eastern District of Virginia rejected GGG's arguments, however, and granted the Plaintiffs' alternative request to have the matter transferred to this District.  The Greenbrier Entities now seek to expedite these proceedings and request a speedy hearing as permitted under Fed. R. Civ. P. 57.

## ARGUMENT

Section 2201 of Title 28 states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Federal Rule Civil Procedure 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate" and that "the court may order a speedy hearing of a declaratory-judgment action." Fed. R. Civ. P. 57.  While there is a "dearth of decided cases" applying this part of Rule 57, this language "has been applied to effectuate the purpose of the rule and expedite a decision." 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2768 (4th ed. 2016).  It is likewise clear that "[d]istrict courts have discretion to hold prompt hearings or trials in declaratory judgment cases . . . regardless of whether the facts are mostly undisputed." United States v. Stein, 452 F. Supp. 2d 230, 270 (S.D.N.Y. 2006).

Here, the expedited resolution of this matter, as expressly contemplated by Fed. R. Civ. P. 57, will fulfill the Federal Rule's mandates by minimizing the danger of avoidable loss and the unnecessary accrual of damages.  In this case and the D.C. action, both sides have sought

---

[1] GGG also filed a separate Declaratory Judgment action concerning the same agreements in the D.C. District Court.  See Goodman-Gable-Gould/Adjusters Int'l v. Greenbrier Hotel Corp., et al., Civil Action No. 1:19-cv-2812 (D.D.C.) (the "D.C. action").

declaratory judgments concerning their rights and obligations under the parties' various agreements. The Greenbrier Entities assert that GGG failed to perform numerous obligations under the Services Agreement and that GGG is not entitled to any further compensation, including the more than $600,000 placed in escrow, for its efforts before it was terminated. GGG, on the other hand, seeks a declaration that it is entitled to all of the escrowed money as well as a percentage of additional insurance proceeds that may have been recovered after it was terminated by the Greenbrier Entities.

These issues have significant implications for the Greenbrier Entities. They require a speedy resolution so that they can use the recovered funds to continue the rehabilitation, repair, and development of their properties following the devastating, thousand-year flood event in 2016. Until the Court definitively states whether GGG is entitled to the escrowed funds (or any other recovered insurance proceeds), the Greenbrier Entities are effectively handcuffed and cannot put the recovered funds to their intended use. Further, while some minimal discovery will be necessary, this matter is ripe for an expedited schedule and resolution so that the parties can understand their respective obligations and proceed accordingly.

## **CONCLUSION**

For the reasons stated above, the Court should grant the Greenbrier Entities' present Motion and set this matter on an expedited schedule.

                                                                            Respectfully submitted,

                                          /s/ *Christopher D. Pence*
                                          Christopher D. Pence, Esquire
                                          HARDY PENCE PLLC
                                          10 Hale Street, 4th Floor
                                          Charleston, West Virginia 25301
                                          Telephone: (304) 345-7250
                                          E-mail: cpence@hardypence.com

and

Richard A. Getty, Esquire
(*Pro Hac Vice* Admission)
    and
Danielle Harlan, Esquire
(*Pro Hac Vice* Admission)
THE GETTY LAW GROUP, PLLC
The Getty Law Group, PLLC
The Offices at City Center
100 West Main Street, Ste. 200
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile:  (859) 259-1909
E-mail: rgetty@gettylawgroup.com
E-mail: dharlan@gettylawgroup.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC.,** and **OAKHURST CLUB, LLC,**<br><br>    Plaintiffs<br><br>V.<br><br>**GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,**<br><br>    Defendant. | Civil Action No. 5:19-CV-00772 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I electronically filed the foregoing ***Plaintiffs' Rule 57 Motion for a Speedy Hearing*** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record as follows:

>C. Jay Robbins , IV, Esquire
>C. JAY ROBBINS IV
>Suite 300
>4870 Sadler Road
>Glen Allen, VA 23060
>Email: cjr@robbins.legal
>*Counsel for Defendant*

>/s/ *Christopher D. Pence*
>Christopher D. Pence, Esquire