EXECUTION COPY

## AGREEMENT BETWEEN THE GREENBRIER AND THE GOODMAN-GABLE-GOULD COMPANY
### Dated March 27, 2018

**Terms of Agreement to Resolve Dispute Relating to the Sums Currently Held by RHA:**
To resolve this present controversy, The Greenbrier and GGG agree that:

- The $609,515.26 in disputed funds to which GGG asserts it is entitled at this time (the "claimed fees") will be placed in escrow while this controversy is resolved. The parties agree that the escrow fee of the bank in the sum of $2,500 shall be paid from and deducted from the $609,515.26. The parties agree to place the balance, that is the sum of $607,015.26 into an interest-bearing escrow account at a bank or other financial institution based in Washington, DC, under both their names. The parties will use their best efforts to open that account as soon as possible and agree that, as soon as such an account is open and agreed by both parties to be acceptable, they will cause the $609,515.26 of the funds that RHA received from insurers with regard to The Greenbrier claim and now holds to be paid into the escrow account discussed in this paragraph.
- The remaining amount of funds paid by insurance and held by RHA, a total of $727,984.74 ($1,337,500 - $607,015.26), will be paid over immediately by RHA to The Greenbrier.
- As soon as the parties confirm their acceptance of this agreement, GGG will inform RHA that GGG agrees (i) to the placement of the disputed claim fees of $609,515.26, net being the sum of $607,016.26 in escrow, while the parties work to resolve their dispute relating to such funds; (ii) to release its claim to the remaining amount of $727,984.74 held by RHA; and (iii) to instruct RHA to pay over the amount of $727,984.74 immediately to The Greenbrier. The Greenbrier will provide payment instructions for this purpose to RHA as soon as the parties confirm their acceptance of this agreement.
- It is assumed that the remaining amount of funds paid by insurance and held by RHA is $727,984.74, as we assume that RHA has been holding the $1,337,500.00 in a non-interest bearing account. However, the parties also agree that this point may be confirmed with RHA; and that such interest, if any, will be paid into the escrow agreement to be opened pursuant to this agreement.

**Terms of Agreement to Resolve Dispute Relating to Future Sums That May Be Paid by Insurers and Arguably Subject to the Service Agreement:**
The Greenbrier and GGG further agree with regard to sums that Greenbrier insurers may pay in insurance proceeds in the future ("future insurance proceeds") as a result of claims submitted by The Greenbrier and arguably subject to the Services Agreement ("future claimed fees") that:

- Such future claimed fees that RHA (or some other party) may receive from Greenbrier insurers in further payment of claims submitted by The Greenbrier and arguably subject to the Services Agreement between The Greenbrier and GGG shall be paid over into the escrow account to be opened pursuant to this agreement.
- Such future insurance proceeds will, subject to any further and final agreement between the parties, be split between the parties as follows. The future claimed fees to which GGG asserts it is entitled will be paid into the parties' escrow account in accordance with the schedule in the Services Agreement between The Greenbrier and GGG. The balance of any such insurance

1


EXHIBIT B

**EXECUTION COPY**

proceeds, over and above the future claimed fees, will be paid as soon as possible to The Greenbrier.

- The Greenbrier agrees that it and/or RHA will advise GGG of any such future insurance proceeds within 48 hours of receipt of such monies or a check or checks for such proceeds. GGG in turn agrees that it will advise The Greenbrier and/or RHA of the amount of the fees to which GGG asserts it is entitled within 48 hours of receipt of notice of funding (meaning within 48 hours of receiving notice of funding from either the carriers directly and/or The Greenbrier or RHA). Both parties agree to communicate this agreement to RHA and to communicate with RHA with regard to payment of such future insurance proceeds.
- The parties' designees to receive notice pursuant to this agreement are set forth below:

For The Greenbrier:
    Michael S. Levine
    Lorelie S. Masters
    Hunton & Williams LLP
    2200 Pennsylvania Avenue, N.W.
    Suite 900
    Washington, DC 20037
    202-955-1857; 202-955-1851
    mlevine@hunton.com
    lmasters@hunton.com

    -and-

    Elmer Coppoolse
    The Greenbrier
    300 West Main Street
    White Sulphur Springs, WV 24986
    ec@greenbrier.com

For GGG:
    David Karel
    Wilkofsky Friedman Karel & Cummins LLP
    299 Broadway
    New York, NY 10007
    212-285-0510
    jon@wfkclaw.com

    -and-

    Neil Kahn
    The Goodman-Gable-Gould Company
    3903 Naylors Lane
    Baltimore, MD 21208
    nkahn@gggco.com



EXECUTION COPY

**Escrow Account:**
- Monies to be placed into escrow as discussed above will be placed into an interest-bearing escrow account that will be opened under the names of both parties (The Greenbrier and GGG), as soon as possible at a mutually acceptable financial institution in the Washington, DC area. This account will be opened as soon as possible but in no event later than 30 days after the acceptance of this agreement by both parties (thus, by April 25, 2018).
- If the parties are not able to open such an interest-bearing escrow account in both their names by April 25, 2018, they agree to use their best efforts to identify and agree upon a mutually acceptable alternative escrow arrangement.
- With regard to interest paid by any interest-bearing escrow account opened pursuant to this agreement, the interest paid will paid to a party or to the parties in accordance with any agreement ultimately reached by the parties to resolve this dispute.

**Full Reservation of All Rights by Both Parties:**
- Both parties acknowledge and agree that, as part of this agreement, all rights by both parties are fully reserved, and none is waived.

**Final Resolution:**
- The parties agree to use their best efforts to resolve this dispute in an amicable fashion as soon as reasonably possible.

Signed and Agreed to:

_[signature]_

Greenbrier Hotel Corporation

Signed and Agreed to:

_[signature]_

The Goodman-Gable-Gould Company