UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB, LLC,**<br><br>      Plaintiffs<br><br>V.<br><br>**GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,**<br><br>      Defendant. | **Civil Action No. 5:19-cv-00772** |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION TO STAY

Plaintiffs Greenbrier Hotel Corporation ("Greenbrier Hotel"), The Greenbrier Sporting Club, Inc. ("Greenbrier Club"), Greenbrier Sporting Club Development Company, Inc. ("Greenbrier Development"), Old White Charities, Inc. ("Old White"), and Oakhurst Club LLC ("Oakhurst") (collectively, "the Greenbrier Entities"), by counsel, and for their Memorandum in Opposition to the Motion Stay [D.E. 36] filed by Defendant, Goodman-Gable-Gould/Adjusters International ("GGG"), respectfully state as follows:

### INTRODUCTION

GGG is desperate to avoid having this action heard by either this Court or the Eastern District of Virginia. To avoid those forums, GGG has: (1) moved to dismiss and/or transfer this action from the Eastern District of Virginia to the D.C. District Court; (2) filed a separate, duplicative action in the D.C. District Court; (3) filed a Motion for Reconsideration in the Eastern

1

District of Virginia as to its Order transferring this action to the West Virginia District Court; and (4) filed the present Motion to Stay. Despite GGG's multiplication of proceedings, its present Motion is easily resolved. GGG's Motion to Stay piggybacks on its Motion for Reconsideration in the Eastern District of Virginia, however, the Motion for Reconsideration was filed in the wrong case. Since the Eastern District of Virginia already transferred this action to this Court, it no longer has jurisdiction.

Moreover, any attempt to transfer this case back to the Eastern District of Virginia is futile, as the "law of the case" dictates that the matter remains pending before this Court. The law is clear and GGG has no choice but to accept the jurisdiction of this Court. The Defendant's Motion to Stay must be denied.

## **RELEVANT PROCEDURAL BACKGROUND**

The Plaintiffs filed this action on August 23, 2019, raising claims against GGG for Declaratory Judgment (Count I), Breach of Contract (Count II), and Breach of the Duty of Good Faith and Fair Dealing (Count III). Rather than filing an Answer, GGG moved to dismiss, or in the alternative, to transfer, this action to the District Court for the District of Columbia based upon a forum selection clause in the Escrow Agreement executed by the parties. [D.E. 8]. The Greenbrier Entities opposed the Motion, arguing that the forum selection clause in the Escrow Agreement was irrelevant because the parties' actual dispute revolves around GGG's performance (or lack thereof) under the Services Agreement. On this point, Judge Hudson of the Eastern District of Virginia agreed, stating that "[t]his dispute concerns the terms of the Services Agreement between the parties though – not the Escrow Agreement." [D.E. 21, at pp. 2-3]. While the Court concluded that this District was not the proper venue, it declined to transfer it to the D.C. District Court and instead agreed with the Greenbrier Entities' argument that "if this matter should

be transferred anywhere, the only permissible District would be the District Court for the Southern District of West Virginia." [D.E. 15, p. 9]. The Court subsequently entered its Memorandum Order and transferred the case to the Southern District of West Virginia. [D.E. 21].

On October 23, 2019, the case was electronically transferred to the Southern District of West Virginia and that Court noted the receipt of the original certified copy of the Transfer Order and electronic docket sheet.[1] [D.E. 22]. That same day the case was assigned to United States District Judge Frank W. Volk. On November 5, 2019, the Plaintiffs filed a Rule 57 Motion for a Speedy Hearing and argument on that motion is currently scheduled for hearing on November 25, 2019.

On November 6, 2019, GGG filed its Motion to Reconsider Transfer of the Case in the Eastern District of Virginia. Plaintiffs opposed this motion arguing that the Eastern District of Virginia now lacks jurisdiction. The parties await a ruling on the Motion to Reconsider Transfer of the Case. The Defendant now moves to stay these proceedings while the Motion to Reconsider Transfer of the Case remains pending. [D.E. 36].

## ARGUMENT

1. **THE EASTERN DISTRICT OF VIRGINIA LACKS JURISDICTION TO RECONSIDER ITS TRANSFER RULING AND ANY MOTION TO RECONSIDER SHOULD HAVE BEEN FILED IN THIS COURT**

The Defendant's Motion to Reconsider is purportedly made pursuant to Fed. R. Civ. P. 59. In support of its Motion, GGG recycles its previous arguments in favor of transfer to the United States District Court for the District of Columbia that Judge Hudson already rejected. After transfer, jurisdiction to adjudicate this dispute lies squarely, and solely, in this Court.

---

[1] The Greenbrier Hotel and numerous witnesses knowledgeable of GGG's exceedingly poor work performed as to the Greenbrier Hotel and related facilities are located in this jurisdiction.

3

With respect to a transfer, courts addressing the matter have held that once the transferee court receives the case, the transferor court loses jurisdiction. *See e.g., Chawla v. Heffernan*, 2019 WL 1596855 (D.N.H. Apr. 15, 2019) (once the papers were lodged with the transferee court, the transferor court lost jurisdiction and because nothing has happened to restore jurisdiction, the transferee court may not proceed any further); *Walter v. Isherwood Enters., Inc.*, 2004 WL 2095207, *5 (D. Me. 2014) (ruling that transferor court "retained jurisdiction over [transferred] case until [it] was received in [transferee] Court"); *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 849 F. Supp. 8, 9 (D. Mass 1994) (ruling that where a plaintiff had filed several motions in the transferor court after the transferee court had docketed transferred case and assigned a presiding judge, the transferor court lacked jurisdiction to entertain plaintiff's motion).

Further, as a leading treatise has explained: "When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court . . . lose[s] jurisdiction over the case and may not proceed further with regard to it." 15 Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 3846 (4th ed. 2014).

The above authorities make clear that the Defendant's Motion to Reconsider is improperly filed in the wrong court. Since the transfer, neither party has done anything to invoke the jurisdiction of the Eastern District of Virginia. Accordingly, the Defendant's Motion to Reconsider Transfer of the Case should be denied. *See also Hamilton v. Geithner*, 2009 WL. 1683298 (E.D. Va. 2009) (Motion to reconsider transfer of venue was properly before transferee court in the United States District Court for the Eastern District of Virginia, not the transferor court in the United States District Court for the District of Columbia).

## 2. THIS COURT SHOULD DECLINE TO STAY THE PROCEEDINGS AS ANY FORTHCOMING MOTION TO RECONSIDER THE TRANSFER FILED IN THIS COURT WOULD BE FUTILE

GGG's entire argument for staying these proceedings rests on its frivolous Motion to Reconsider Transfer of the Case filed in the wrong court. In support of its Motion to Stay, GGG recites the same arguments which have already been rejected by the Eastern District of Virginia when considering the original Motion to Dismiss. GGG is not entitled to replead those arguments here in favor of a stay and the instant Motion should be denied.

Even if GGG filed its Motion to Reconsider Transfer of the Case in this Court, it would still be denied and the Motion to Stay would continue to lack merit. Pursuant to the "law of the case" doctrine, a court's discretion to reconsider another district court's decision to transfer a case should not be disturbed unless the initial decision was "clearly erroneous or would work a manifest injustice." *Christianson v. Colt Indus, Operating Grp.* 486 U.S. 800, 817, 108 S. Ct. 2166 (1988) *quoting Arizona v. California*, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382 (1985). Thus, a transfer decision should not be reversed if the transferee court "can find he transfer decision plausible." *Id.* at 819.

The Eastern District Court granted the Plaintiffs' transfer request (filed in opposition to GGG's Motion to Dismiss) after finding that the dispute at issue was centered around the Services Agreement, not the Escrow Agreement. In doing so, Judge Hudson rejected the very arguments that the Defendant regurgitates in its Motion to Stay. Judge Hudson also found that the allegations of the parties "make clear that the events giving rise to the claim occurred in White Sulphur Springs, West Virginia." [D.E. 21, at pp. 2]. Thus, venue is proper in this Court under 28 U.S.C. §§ 139l(b)(l) and (2). Accordingly, the Motion to Stay should be denied as its arguments focus around GGG's misguided belief that venue should be transferred to another district. That issue

has been briefed, considered and rejected by the Eastern District of Virginia and GGG sets forth no basis to undo that ruling.

## **CONCLUSION**

For the reasons stated above, the Court should deny the Defendant's Motion to Stay and the Court should proceed with the hearing scheduled for November 25, 2019 as scheduled.

    Respectfully submitted,
    GREENBRIER HOTEL CORPORATION, *et. al.*,
    By counsel:


    /s/ *Christopher D. Pence*
    Christopher D. Pence (WVSB 9095), Esquire
    HARDY PENCE PLLC
    10 Hale Street, 4th Floor
    Charleston, West Virginia 25301
    Telephone: (304) 345-7250
    E-mail: cpence@hardypence.com

    and

    Richard A. Getty, Esquire
    Danielle Harlan, Esquire
    THE GETTY LAW GROUP, PLLC
    The Offices at City Center
    100 West Main Street, Ste. 200
    Lexington, Kentucky 40507
    Telephone: (859) 259-1900
    E-mail: rgetty@gettylawgroup.com
    E-mail: dharlan@gettylawgroup.com

    and

    Aaron B. Houchens, Esq.
    AARON B. HOUCHENS, P.C.
    111 East Main Street
    P.O. Box 1250
    Salem, Virginia 24153
    540-389-4498 (telephone)
    aaron@houchenslaw.com

    *Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB, LLC,**<br><br>Plaintiffs<br><br>V.<br><br>**GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,**<br><br>Defendant. | Civil Action No. 5:19-CV-00772 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2019, I electronically filed the foregoing ***Plaintiffs' Memorandum in Opposition to Defendant's Motion to Stay*** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record as follows:

> Morgan E. Villers
> Flaherty Sensabaugh Bonasso PLLC
> 200 Capitol Street
> Charleston, West Virginia 25338-3843
> Email: mvillers@flahertylegal.com
>
> Peter T. DeMasters
> Flaherty Sensabaugh Bonasso PLLC
> 40 Donley Street, Suite 501
> Morgantown, West Virginia 26501
> Email: pdemasters@flahertylegal.com
>
> /s/ *Christopher D. Pence*
> Christopher D. Pence