# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, et al.,

      Plaintiffs,

v.                                  CIVIL ACTION NO. 5:19-cv-00772
                                          Honorable Thomas E. Johnston

GOODMAN-GABLE-GOULD/ADJUSTERS INTERNATIONAL,

      Defendant.

## ANSWER

COMES NOW Defendant Goodman-Gable-Gould/Adjusters International ("GGG"), by counsel, and answers the allegations contained in the Complaint and states as follows:

**I.    THE PARTIES, JURISDICTION AND VENUE**

    **A.    The Parties**

    1.    GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, therefore denies the same and demands strict proof thereof.

    2.    GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, therefore denies the same and demands strict proof thereof.

    3.    GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, therefore denies the same and demands strict proof thereof.

1

4. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, therefore denies the same and demands strict proof thereof.

5. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, therefore denies the same and demands strict proof thereof.

6. GGG admits the allegations contained in Paragraph 6 of the Complaint.

**B. Jurisdiction and Venue**

7. GGG admits that it and Plaintiffs are citizens of different states and that the amount in controversy exceeds $75,000. To the extent that Paragraph 7 states legal conclusions, no response is required. To the extent a response is required, GGG denies that this Court has jurisdiction and venue as the parties agreed to the jurisdiction and venue in Courts of the District of Columbia, whether Federal or Local.

8. The allegations in Paragraph 8 of the Complaint pertaining to the jurisdiction of this Court are legal conclusions and do not require a response. To the extent a response is required, GGG denies that this Court has jurisdiction and venue as the parties agreed to the jurisdiction and venue in Courts of the District of Columbia, whether Federal or Local.

9. The allegations in Paragraph 9 of the Complaint pertaining to venue in Virginia are no longer relevant as this case is not being heard in Virginia and are legal conclusions to which no response is required. To the extent a response is required, GGG denies that this Court has jurisdiction and venue

as the parties agreed to the jurisdiction and venue in Courts of the District of Columbia, whether Federal or Local. By way of further response, GGG denies that the funds which are the subject of the Escrow Agreement are held in an escrow account in Virginia and further denies that the Escrow Agreement even contemplated that the funds would be held in an escrow account in Virginia.

II. **FACTUAL BACKGROUND**

    A. **Plaintiffs' Properties**

10. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, therefore denies the same and demands strict proof thereof.

11. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, therefore denies the same and demands strict proof thereof.

12. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, therefore denies the same and demands strict proof thereof.

13. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, therefore denies the same and demands strict proof thereof.

14. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, therefore denies the same and demands strict proof thereof.

15. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, therefore denies the same and demands strict proof thereof.

16. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, therefore denies the same and demands strict proof thereof.

**A.** **The Thousand-Year Flood**

17. GGG admits only that on or about June 23, 2016 a flood struck the Greenbrier Valley, among other places in West Virginia. The year determination and amount of rain that fell is part of a record not attached hereto or identified with particularity, therefore GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, therefore denies the same and demands strict proof thereof.

18. GGG admits only that upon information and belief, the public record shows that there were twenty-three fatalities associated with the June 23, 2016 flood event. As to the remainder of the allegations contained in Paragraph 18 of the complaint, GGG is without information sufficient to form a belief as to the truth of the allegations contained therein, therefore denies the same and demands strict proof thereof.

19. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, therefore denies the same and demands strict proof thereof.

20. The allegations contained in paragraph 20 of the complaint are neither allegations of fact or law that are germane to the issues to be litigated between the parties, therefore no response is required. To the extent a response is required, GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, therefore denies the same and demands strict proof thereof.

**B.    The Damage to the Hotel**

21. The allegations contained in paragraph 21 of the complaint are neither allegations of fact or law that are germane to the issues to be litigated between the parties, therefore no response is required. To the extent a response is required, GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, therefore denies the same and demands strict proof thereof.

22. GGG admits that the hotel and some surrounding buildings were damaged in the June 23, 2016 flood, however, as the term "severely" is not defined, GGG is without information sufficient to form a belief as to the truth of the allegations relating to the term "severely" contained in Paragraph 22 of the Complaint. As to subparagraphs a-g of Paragraph 22 of the Complaint, GGG admits only that in the course of its adjustment of the claim that these examples of damage, presumably caused by the flood. As to subparagraphs a-g, GGG admits only that there was damage to these items and structures, presumably caused by the flood, however is without information sufficient to

for a belief as to the amount of water in the specific areas, therefore denies the same and demands strict proof thereof.

23. GGG admits only that in the course of its adjustment GGG identified economic losses related to certain aspects of the running of the properties. However, GGG is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint, therefore denies the same and demands strict proof thereof.

C. **The Damage to the Club and the Oakhurst Development**

1. **The Club**

24. GGG admits only that in the course of its adjustment, GGG identified certain damages to the Sam Snead Course, however GGG is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint, therefore denies the same and demands strict proof thereof.

25. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, therefore denies the same and demands strict proof thereof.

2. **The Oakhurst Development**

26. GGG denies the allegations contained in Paragraph 26 of the Complaint to the extent that they allege that any action or failure to act on the part of GGG caused or contributed to any damage to Plaintiffs' ability to market and sell lots at the Oakhurst Development. GGG is without information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint.

**D.      The Damage to the Golf Course**

    **1.      The Meadows, Greenbrier, Sam Snead, Old Oakhurst and New Oakhurst Courses**

27.  GGG admits only that in the course of its adjustment, GGG identified certain damages to the golf courses, however GGG is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

28.  GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, therefore denies the same and demands strict proof thereof.

    **2.      The Old White Course**

29.  GGG admits only that in the course of its adjustment, GGG identified damage to the Old White Course that could not be repaired in time for the PGA tournament, thus said tournament was cancelled. GGG is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint as several terms in said paragraph are not defined, therefore GGG denies the same and demands strict proof thereof.

30.  GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint as the term "major media coverage" is not defined, therefore denies the same and demands strict

proof thereof. By way of further response GGG denies that the major media coverage of the event was due to the Tournament being cancelled.

31. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, therefore denies the same and demands strict proof thereof.

32. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, therefore denies the same and demands strict proof thereof.

33. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

34. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

35. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, GGG

denies that it is a "Defendant Insurer." By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

36. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

37. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

38. GGG is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, therefore denies the same and demands strict proof thereof. By way of further response, to the extent plaintiff implies or attempts to imply liability on Defendant through the allegations contained in this paragraph, GGG denies the same and demands strict proof thereof.

**E.     The Policies of Insurance and the Engagement of GGG**

39.     Upon information and belief, GGG admits the allegations contained in Paragraph 39 of the Complaint.

40.     GGG admits only that it entered into a Services Agreement with some of the plaintiffs on or about July 7, 2016 and that the quotation contained in paragraph 40 of the complaint is an excerpt of the services agreement. GGG affirmatively states that the Services Agreement must be read in its entirety to understand its full meaning and all of the duties and obligations of the parties to each other. GGG denies the remaining allegations contained in Paragraph 40 of the Complaint, as stated, and demands strict proof thereof.

41.     GGG admits only that it entered into a Services Agreement with some of the plaintiffs on or about July 7, 2016 and that the quotation contained in paragraph 41 of the complaint is an excerpt of the services agreement. GGG affirmatively states that the Services Agreement must be read in its entirety to understand its full meaning and all of the duties and obligations of the parties to each other. GGG denies the remaining allegations contained in Paragraph 41 of the Complaint, as stated, and demands strict proof thereof.

42.     GGG admits only that it entered into a Services Agreement with some of the plaintiffs on or about July 7, 2016 and that the fee schedule contained in paragraph 42 of the complaint is an excerpt of the services agreement. GGG affirmatively states that the Services Agreement must be read in its entirety to understand its full meaning and all of the duties and obligations of the

parties to each other. GGG denies the remaining allegations contained in Paragraph 42 of the Complaint, as stated, and demands strict proof thereof.

43. GGG admits only that it entered into a Services Agreement with some of the plaintiffs on or about July 7, 2016 and that the quotation contained in paragraph 43 of the complaint is an excerpt of the services agreement. GGG affirmatively states that the Services Agreement must be read in its entirety to understand its full meaning and all of the duties and obligations of the parties to each other. GGG denies the remaining allegations contained in Paragraph 43 of the Complaint, as stated, and demands strict proof thereof.

44. GGG admits only that the Scope of Services were incorporated into the Services Agreement. GGG affirmatively states that the Services Agreement must be read in its entirety along with the incorporated Scope of Services to understand its full meaning and all of the duties and obligations of the parties to each other. GGG denies the remaining allegations contained in Paragraph 44 of the Complaint, as stated, and demands strict proof thereof.

**F.** **The Substandard Work and the Termination of the Services Agreement**

45. GGG denies the allegations contained in Paragraph 45 of the Complaint, as stated, and demands strict proof thereof.

46. GGG denies any allegations contained in Paragraph 46, subparagraphs a-g inclusive, of the Complaint, as stated and demands strict proof thereof.

47. GGG admits only that Plaintiffs obtained recoveries with the assistance of GGG which totaled approximately $39 million. GGG admits it received some initial compensation and that Plaintiff disputes that GGG is entitled to a

further $609,515.26 which plaintiffs refused to pay as owed, thus said money was placed in escrow being held by RHA. GGG denies the remaining allegations contained in Paragraph 47 of the Complaint and demands strict proof thereof.

**G.    The Escrow Agreement**

48. GGG denies the allegation that it performed work of substandard quality and demands strict proof thereof. GGG is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint and demands strict proof thereof.

49. GGG is without information sufficient to form a belief as to the truth of the allegation that BDO and Plaintiffs' counsel have continued to pursue recovering claims against both domestic and international insurers. GGG denies the remaining allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof.

50. GGG admits only that the parties entered into an Escrow Agreement, the terms of which are spelled out in the agreements themselves. GGG denies the remaining allegations contained in Paragraph 50 of the complaint, as stated, and demands strict proof thereof.

51. GGG denies the allegation that the amount currently in dispute between GGG and Plaintiffs is limited to $609,515.26, to the extent that the allegation does not include the dispute over future monies which will be deposited into the escrow account and demands strict proof thereof. GGG admits only that the remaining allegations contained in Paragraph 51 of the Complaint contain

a quote from the Escrow Agreement, but that the Escrow Agreement must be read in its entirety to ascertain the full meaning of the document, including the fact that these claims are to be litigated in the courts of the District of Columbia.

52. GGG admits only, that in compliance with the Escrow Agreement, $609,515.26 has been deposited into an escrow account. GGG denies that this constitutes the entirety of the disputed funds. GGG denies the remaining allegations contained in Paragraph 52 of the Complaint, as stated, and demands strict proof thereof.

53. GGG admits only that it has not released its claim to the current and future funds to which it is entitled and admits that a real and justiciable controversy exists as to the amount of the disputed funds to which GGG is entitled. GGG denies the remaining allegations contained in Paragraph 53 of the Complaint and demands strict proof thereof.

## COUNT I
### (Declaratory Judgment)

54. GGG incorporates as if fully set forth herein each and every prior paragraph of this Answer.

55. GGG denies the allegations contained in Paragraph 55 of the Complaint and demands strict proof thereof.

56. GGG admits that the fees it was owed for the approximately $39 million recovery were either paid to GGG or placed in escrow as agreed by the parties. GGG denies the remaining allegations contained in Paragraph 56 of the complaint and demands strict proof thereof.

57. GGG admits that it has claimed entitlement to additional fees for any future recoveries made possible by the prior work GGG performed for Plaintiffs but denies it did so wrongfully. GGG denies the remaining allegations contained in Paragraph 57 of the Complaint and demands strict proof thereof.

58. GGG denies Plaintiffs' allegations to the extent that they allege that Plaintiffs' assertion that GGG was paid more than was required for the services it performed was or is valid in any way and demands strict proof thereof. GGG admits only that the parties attempted to resolve their differences to the funds that GGG is entitled to but are being wrongfully withheld by Plaintiffs. GGG denies the remaining allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59. The allegations contained in Paragraph 59 of the Complaint are legal conclusions and do not require a response, to the extent a response is required, GGG denies the same, as stated, and demands strict proof thereof.

60. GGG denies the allegations contained in Paragraph 60 of the Complaint and demands strict proof thereof.

## COUNT II
### (Breach of Contract)

61. GGG incorporates as if fully set forth herein each and every prior paragraph of this Answer.

62. GGG admits only that it entered into a Services Agreement with some of the plaintiffs on or about July 7, 2016 and that the quotation contained in Paragraph 62 of the Complaint is an excerpt of the Services Agreement. GGG affirmatively states that the Services Agreement must be read in its

entirety to understand its full meaning and all of the duties and obligations of the parties to each other. GGG denies the remaining allegations contained in Paragraph 62 of the Complaint, as stated, and demands strict proof thereof.

63. GGG denies the allegations contained in Paragraph 63, subparagraphs a-g inclusive, of the Complaint and demands strict proof thereof.

64. GGG denies the allegations contained in Paragraph 64 of the Complaint and demands strict proof thereof.

65. GGG denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof.

66. GGG denies the allegations contained in Paragraph 66 of the Complaint and demands strict proof thereof.

**COUNT III**
**(Breach of Implied Covenant of Good Faith, Honesty and Fair Dealing)**

67. GGG incorporates as if fully set forth herein each and every prior paragraph of this Answer.

68. The allegations contained in Paragraph 68 of the Complaint are legal conclusions and do not require a response. To the extent a response is required, GGG denies the same, as stated, and demands strict proof thereof.

69. The allegations contained in Paragraph 69 of the Complaint are legal conclusions and do not require a response. To the extend a response is required, GGG denies the same, as stated, and demands strict proof thereof.

70. GGG denies the allegations contained in Paragraph 70 of the Complaint and demands strict proof thereof.

71. GGG denies the allegations contained in Paragraph 71 of the Complaint and demands strict proof thereof.

72. GGG denies the allegations contained in Paragraph 72 of the Complaint and demands strict proof thereof.

In response to the "WHEREFORE" paragraph of the Complaint, GGG denies that Plaintiffs are entitled to any judgment against GGG or any of the relief sought and demands strict proof of any allegations to the contrary.

GGG denies any allegations contained in the Complaint which it has not expressly admitted and demands strict proof thereof.

## **DEFENSES**

### **FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted

### **SECOND DEFENSE**

Plaintiffs' damages, if any, as alleged in the Complaint, resulted from acts and omissions of persons, firms, and/or corporations other than this Defendant and for which this Defendant is not liable.

### **THIRD DEFENSE**

GGG complied with the terms of its agreements with Plaintiffs.

### **FOURTH DEFENSE**

GGG did not materially breach any agreements with Plaintiffs.

### **FIFTH DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

Not being fully advised as to all the facts and circumstances surrounding the allegations in the Complaint, GGG hereby invokes and asserts all affirmative defenses which may prove applicable including, but not necessarily limited to, those specifically set forth in Rules 8(c), 9, and/or 12 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

GGG denies any and all allegations contained in the Complaint that allege or imply any negligence or other fault on the part of GGG; that allege or imply any other misconduct on the part of GGG; that allege or imply any failure to meet a responsibility, or violation of duty with respect to GGG; or that allege or imply that GGG violated any applicable statutes, rules, regulations or industry standards whatsoever with respect to this action, as the same may prove applicable as discovery proceeds and the evidence is developed in this case

## EIGHTH DEFENSE

GGG reserves unto itself the defense that the claims set forth in Plaintiffs' Complaint are barred, in whole or in part, by the comparative negligence or fault of Plaintiffs, or in the alternative, Plaintiffs' comparative negligence or fault reduces any recovery available to Plaintiffs.

## NINTH DEFENSE

GGG reserves unto itself the defense that Plaintiffs' claims are or may be barred by improper venue or lack of jurisdiction.

**TENTH DEFENSE**

GGG, not being fully advised of all the circumstances surrounding the allegations set forth in Plaintiffs' Complaint, reserves unto itself the defense that Plaintiffs' claims presented in the Complaint are or may be barred by Plaintiffs' failure to mitigate damages, if any, in the manner and to the extent required by applicable law.

**ELEVENTH DEFENSE**

GGG, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiffs have not suffered any injury or damages which are compensable at law, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

**WHEREFORE**, Defendant Goodman-Gable-Gould/Adjusters International demands that Plaintiffs' Complaint against it be dismissed with prejudice; that Plaintiff recover nothing from GGG; that GGG be awarded the disputed monies currently held in escrow by RHA and the portion of future funds recovered by Plaintiffs to which GGG is entitled under the Services Agreement; that GGG be awarded its costs herein expended, including attorney fees and interest; and that GGG be awarded such other further and general relief as the Court may deem proper.

**GGG DEMANDS TRIAL BY JURY.**

                                    **GOODMAN-GABLE-GOULD/**
                                    **ADJUSTERS INTERNATIONAL,**

                                    **By Counsel.**

*/s/ Morgan E. Villers*_____
Morgan E. Villers, Esq. (WVSB #13481)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street
Post Office Box 3843
Charleston, WV 25338-3843
Tel: (304) 345-0200

Fax: (304) 345-0260
mvillers@flahertylegal.com

and

Peter T. DeMasters, Esq. (WVSB #7153)
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
Tel: (304) 598-0788
Fax: (304) 598-0790
pdemasters@flahertylegal.com