UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB, LLC,** | **Civil Action No. 5:19-CV-00772** |
| **Plaintiffs** | **PLAINTIFFS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND THE SCHEDULING OF A RULE 26(F) CONFERENCE** |
| **V.** | |
| **GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,** | |
| **Defendant.** | |

The Plaintiffs, Greenbrier Hotel Corporation, The Greenbrier Sporting Club, Inc., Greenbrier Sporting Club Development Company, Inc., Old White Charities, Inc., and Oakhurst Club, LLC, (collectively, "the Plaintiffs"), by counsel, and pursuant to Fed. R. Civ. P. 26(c), respectfully move the Court to enter an Order staying discovery pending the resolution of the Plaintiffs' Motion for Partial Summary Judgment and the parties' participation in a scheduling conference pursuant to Fed. R. Civ. P. 26(f). In support of this Motion, the Plaintiffs respectfully state as follows:

<u>**INTRODUCTION**</u>

With the concurrent filing of the Plaintiffs' Reply in support of their Motion for Partial Summary Judgment (the "MPSJ"), that Motion will be fully briefed and stand submitted to the Court for a decision. The MPSJ, as explained in both the original Memorandum in Support and the Reply Memorandum, seeks a pure legal determination that the Services Agreement was

terminable at will.  Because the resolution of the Plaintiffs' MPSJ will potentially be dispositive

of the Plaintiffs' Declaratory Judgment claim (and will obviate the need for discovery on multiple

issues), the Court should exercise its discretion to stay discovery pending its ruling on the

Plaintiffs' MPSJ.  Such a stay is further appropriate in this case because the parties have never

conducted a Rule 26(f) conference.

## ARGUMENT

I.    **THE COURT SHOULD STAY DISCOVERY PENDING A RULING ON THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.**

   A.    **The Court Has Discretion To Stay Discovery.**

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court "may, for good

cause, issue an order to protect a party or person from . . . undue burden or expense, including one

or more of the following:  (A) forbidding the disclosure of discovery; (B) specifying terms,

including time and place or the allocation of expenses, for the disclosure or discovery . . . ."  Fed.

R. Civ. P. 26(c)(1).  Under this Rule, the Court has discretion to stay discovery pending resolution

of a dispositive motion.  *See Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986), *rev'd*

*on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988) ("Nor did the court err by

granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition

of the 12(b)(1) motion.").  *See also Sheehan v. United States*, 2012 U.S. Dist. LEXIS 47503

(N.D.W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay

discovery pending determination of a dispositive motion is an appropriate exercise of the court's

discretion.'") (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003)).  Such

a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and

to make the most efficient use of judicial resources."  *United States v. Daily Gazette Co.*, 2007

U.S. Dist. LEXIS 102009 (S.D.W. Va. Oct. 18, 2007) (citation omitted).

**B.      The Eight Factors That Courts Typically Consider Weigh In Favor Of Staying <u>Discovery Pending Resolution Of The MPSJ.</u>**

District Courts considering whether to grant a motion to stay under Rule 26(c)(1) do so on a case-by-case basis because "such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." *Blankenship v. Napolitano*, 2019 U.S. Dist. LEXIS 200572, *7-8 (S.D.W. Va. Nov. 19, 2019) (quoting *Hachette Distrib., Inc. v. Hudson County News Co., Inc.*, 136 F.3d 356, 358 (E.D.N.Y. 1991)).   Courts typically consider the following factors, none of which alone is dispositive:

> (1) the type of motion; (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations; (3) the nature and complexity of the action; (4) whether counterclaims and/or cross-claims have been interposed; (5) whether other parties agree to the stay; (6) the posture or stage of the litigation; (7) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (8) any other relevant circumstances.

> *Blankenship, supra,* at *8 (citing *Citynet, LLC v. Frontier W. Va. Inc.*, 2016 U.S. Dist. LEXIS 144621 (S.D.W. Va. Oct. 19, 2016) (internal quotation marks omitted); *Tuell v. Deere Credit Servs., Inc.*, 2017 U.S. Dist. LEXIS 165506 (S.D.W. Va. Oct. 4, 2017)).

These factors weigh heavily in favor of staying discovery pending the Court's resolution of the Plaintiffs' MPSJ.   *First*, the Plaintiffs' Motion for Partial Summary Judgment is, by definition, a dispositive motion.  If granted, it will fully and completely resolve the primary claim between the parties (and will significantly curtail the scope of discovery needed thereafter). *Second*, the MPSJ is a legal challenge.  It seeks the purely legal determination that the Services Agreement with GGG was terminable at will – meaning that it could be terminated for cause, no cause, or even wrong cause.  If the Plaintiffs are correct, no amount of discovery can change this. In other words, any arguably disputed facts about the timing, nature, or basis of Plaintiffs' termination of the Services Agreement are rendered immaterial as a matter of law if the Court agrees that the Agreement was terminable at will.

*Third*, this matter is not overly complex, but does involve five (5) separate corporate Plaintiffs.  Forcing the Plaintiffs to respond to five (5) separate sets of Discovery Requests that seek, among other things, documents and information related to the termination of GGG's services under the Agreement would be a tremendous waste of resources and impose an unfair burden upon the Plaintiffs.  *Fourth*, GGG has not filed a Counterclaim in this action.  *See Rowe v. Citibank, N.A.*, 2015 U.S. Dist. LEXIS 50649 (S.D.W. Va. Apr. 17, 2015) (noting that the absence of counterclaims or cross-claims favors a stay of discovery).  *Fifth*, Plaintiffs presume based on the Defendant's prior filings that GGG will not agree to the requested stay.

*Sixth*, despite the length of the docket sheet, this action is procedurally and substantively still in its infancy.  GGG only filed its Answer on January 10, 2020[1], and, as discussed more fully below, the parties have yet to conduct a Rule 26(f) conference.  Further, while GGG recently served its first set of Discovery Requests upon the Plaintiffs, Responses to those Requests are not due until March 5, 2020.  Because "[n]o significant discovery has occurred in this matter and the parties have not yet submitted a Rule 26(f) report, [this factor] weighs in favor of granting the [motion to stay]."  *Blankenship*, *supra*, at *13.  *Seventh*, the expected extent of discovery also weighs in favor of the stay as GGG's five (5) sets of Discovery Requests make clear.

*Eighth*, two other relevant factors support granting the Plaintiffs' Motion.  The interest of judicial economy favors reducing the burden of discovery on parties when a motion raising potentially dispositive legal issues exists, "the resolution of which may obviate the need for or limit discovery in this case."  *Slone v. State Auto Prop. & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 165372, *1 (S.D.W. Va. Sept. 26, 2019).  Here, if the Plaintiffs' MPSJ is granted, the number of issues about which discovery is needed will be significantly reduced – saving time, money, and

---

[1] Technically, GGG's Answer should have been filed within fourteen (14) days of October 23, 2019, the date of the Order denying its Motion to Dismiss.  *See* Fed. R. Civ. P. 12(a)(4)(A).

resources for the Court and the parties.  In addition, as discovery has only just started, GGG will

not suffer any prejudice by a stay.  The Court obviously has the authority to amend the Scheduling

Order following the stay to ensure that the parties have adequate time for discovery on the issues

that remain.

## II.     THE COURT SHOULD STAY DISCOVERY PENDING THE PARTIES' PARTICIPATION IN A RULE 26(f) CONFERENCE.

Although it is not immediately apparent from a quick scan of the docket sheet, the parties

have never conducted a Rule 26(f) scheduling conference.  This matter was first filed by Plaintiffs

in the United States District Court for the Eastern District of Virginia, Richmond Division.  GGG

moved to dismiss and/or transfer that case to the District Court for the District of Columbia.  The

Virginia Federal Court denied GGG's Motion and instead transferred the case to this District.

In this District, GGG filed a Motion to Reconsider the Transfer of the Virginia case to West

Virginia, which was denied.  *See* Order denying all pending motions.  [Doc. 52.]  This Court also

denied Plaintiffs' Motion for Speedy Hearing.  *See id.*  On December 19, 2019 Judge Volk entered

a Scheduling Order [Doc. 53], and shortly thereafter, transferred the case to Judge Johnston [Doc.

54].  GGG filed its Answer to Plaintiffs' Complaint in this Court on January 10, 2020.  [Doc 55.]

The Plaintiffs filed their MPSJ on January 24, 2020, and GGG then served its first sets of

Discovery upon the Plaintiffs on February 4, 2020.

Absent from this history, however, is a directive for the parties to conduct a Rule 26(f)

conference.  *See* LR Civ. P. 16.1 ("By entry of an Order and Notice, a judicial officer shall establish

the date, time, and place of the scheduling conference, and inform the parties of their right to

consent to proceed before a magistrate judge under Fed. R. Civ. P. 73(b).").  Although the Plaintiffs

had requested a speedy hearing under Fed. R. Civ. P. 57, that request was ultimately denied by the

Court.  Following the hearing on that Motion, the Court entered its own Scheduling Order without

first requiring a Rule 26(f) conference or receiving any input from the parties.  This means that the parties have not discussed a proposed discovery plan (including the timing of discovery, the subjects on which discovery may be needed (which will drastically change should the MPSJ be granted), whether discovery should be conducted in phases, or the possibilities for promptly settling or resolving the case).  As GGG noted in its Response to the Plaintiffs' MPSJ, the parties have not even exchanged initial disclosures.  Accordingly, the Plaintiffs submit that discovery should be stayed for the additional reason that the parties have not yet held a Rule 26(f) conference.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court stay discovery pending resolution of the Plaintiffs' MPSJ and the parties' participation in a Rule 26(f) scheduling conference.

Respectfully submitted,

/s/ Christopher D. Pence
CHRISTOPHER D. PENCE
HARDY PENCE PLLC
#10 Hale Street, 4th Floor
Charleston, West Virginia 25301
Telephone:  (304) 345-7250
E-Mail: cpence@hardypence.com

And

AARON B. HOUCHENS
(*Pro Hac Vice* Admission)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
Telephone:  (540) 389-4498
E-Mail:  aaron@houchenslaw.com

And

RICHARD A. GETTY
(*Pro Hac Vice* Admission)
and

6

DANIELLE HARLAN
(*Pro Hac Vice* Admission)
THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile:  (859) 259-1909
Email: rgetty@gettylawgroup.com
Email: dharlan@gettylawgroup.com

COUNSEL FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | |
|---|---|
| **GREENBRIER HOTEL CORPORATION, THE GREENBRIER SPORTING CLUB, INC., GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., OLD WHITE CHARITIES, INC., and OAKHURST CLUB, LLC,** | **Civil Action No. 5:19-CV-00772** |
|     **Plaintiffs** | |
| **V.** | |
| **GOODMAN-GABLE-GOULD/ ADJUSTERS INTERNATIONAL,** | |
|     **Defendant.** | |

## CERTIFICATE OF SERVICE

I, Christopher D. Pence, hereby certify that on February 14, 2020, I electronically filed the foregoing *Plaintiffs' Motion To Stay Discovery Pending Resolution Of The Plaintiffs' Motion For Partial Summary Judgment And The Scheduling Of A Rule 26(f) Conference* with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Christopher D. Pence
Christopher D. Pence