UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

GREENBRIER HOTEL CORPORATION and
THE GREENBRIER SPORTING CLUB, INC. and
GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC. and
OLD WHITE CHARITIES, INC. and
OAKHURST CLUB LLC,

         Plaintiffs,

v.            CIVIL ACTION NO. 5:19-cv-00772
                LEAD ACTION

GOODMAN-GABLE-GOULD/ADJUSTERS INTERNATIONAL,

         Defendant.

and,

GREENBRIER HOTEL CORPORATION and
THE GREENBRIER SPORTING CLUB, INC. and
GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC. and
OLD WHITE CHARITIES, INC. and
OAKHURST CLUB LLC,

         Plaintiffs,

v.            CIVIL ACTION NO. 5:19-cv-00795
                CONSOLIDATED ACTION

GOODMAN-GABLE-GOULD/ADJUSTERS INTERNATIONAL,

         Defendant.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court is Plaintiffs Greenbrier Hotel Corporation, The Greenbrier Sporting Club, Inc., Greenbrier Sporting Club Development Company, Inc., Old White Charities,

Inc., and Oakhurst Club LLC's ("Plaintiffs") Motion for Partial Summary Judgment (ECF No. 56.) For the reasons discussed more fully below, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

This action arises from the alleged breach of a contract by Defendant Goodman-Gable-Gould/Adjusters International ("Defendant") through its actions following a major flooding event that occurred on June 23, 2016 in Greenbrier County, West Virginia. (ECF No. 1 at ¶ 17.) Plaintiffs, individually or jointly, own properties in White Sulphur Springs, Greenbrier County, West Virginia, including the Greenbrier Hotel and Resort (the "Hotel") and the Greenbrier Sporting Club (the "Club"). (*Id.* at ¶ 10.) Plaintiffs allege that, as a result of this flood, the Hotel, the Club, and the surrounding properties sustained severe damage. (*Id.* at ¶¶ 22–23; 24–38.) All properties were insured, and the insurance was procured through the Resort Hospitality Association and Resort Hotel Insurance Services. (*Id.* at ¶ 39.) Plaintiffs engaged Defendant through a services agreement as an adjuster to assist Plaintiffs with adjusting their claims against the insurance companies as the result of the damages sustained in the flood. (*Id.* at ¶ 40.)

Plaintiffs terminated the services of Defendant in or around November or December 2017 and allege that Defendant failed to meet its obligations under the Services Agreement. (*Id.* at ¶ 45.) Plaintiffs further allege that Defendant's efforts yielded a recovery of $39 million, an amount deemed "completely inadequate" by Plaintiffs. (*Id.* at ¶ 47.) Regardless, Plaintiffs state that they compensated Defendant for the services performed. (*Id.* at ¶ 47.) Following this compensation, $609,515.26 remains in dispute between the parties, which amount has been placed in escrow and held by the Resort Hospitality Association. (*Id.* at ¶ 51.) Defendant maintains its claim to the disputed funds, and Plaintiffs assert that Defendant is not entitled to the disputed funds or any

further additional funds that Plaintiffs recover from the insurance companies that arose from the flood. (*Id.* at ¶ 53.)

This action was originally filed in the United States District Court for the Eastern District of Virginia, Richmond Division. The action was transferred to this Court on October 23, 2019. (ECF No. 21.) Plaintiffs' complaint contains three counts, and Plaintiffs ask this Court to apply West Virginia substantive law.

On January 24, 2020, Plaintiffs filed the pending Motion for Partial Summary Judgment. (ECF No. 56.) Defendant responded on February 7, 2020 (ECF No. 64), and Plaintiffs timely replied, (ECF No. 65). As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pr. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists where the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court may neither weigh the evidence, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the Court must view the evidence "in the

light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "The nonmoving party must satisfy this burden of proof by offering more than a mere 'scintilla of evidence' in support of his or her position." *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (citing *Anderson*, 477 U.S. at 252). However, "summary judgment is appropriate only after the opposing party has had 'adequate time for discovery.'" *Lonestar Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 928 (4th Cir. 1995). Deciding a case summarily "before discovery is concluded" and on an incomplete record, "there has been a mistake and inadvertence and one that works an injustice." *White v. Investors Management Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989).

### III. DISCUSSION

In the pending motion, the Plaintiffs seek summary judgment in their favor on Count I of their complaint, which seeks a declaratory judgment from the Court that Defendant is not entitled to any additional payments related to the services performed, including that Defendant has no right to any portion of the disputed funds held in escrow. (ECF No. 56 at 18–20.) Plaintiffs aver that the agreement between the parties was terminable at-will and that Defendant has received all compensation to which it was entitled. (*Id.* at 14.)

Defendant presents two arguments in opposition to the motion for partial summary judgment. Defendant first argues that the motion is premature, as the parties have not yet exchanged discovery. (ECF No. 64 at 6–9.) In support of this argument, Defendant requests further discovery through a Rule 56(d) Affidavit. (ECF No. 64-1.) Defendant then argues that a declaratory judgment cannot be made without deciding the remaining claims, as the claims are all inextricably intertwined. (ECF No. 64 at 9–11.) With respect to the second argument, Defendant asserts that, in order for this Court to issue a declaratory judgment, it must first resolve the contractual disputes alleged in Counts II and III of the complaint.

The burdens applied to parties bringing and contesting motions for summary judgment are carefully crafted to balance the competing interests of affording litigants all opportunities to be heard on their claims and to promote judicial economy. The moving party's burden is to demonstrate that there is no dispute as to a material fact and that he is entitled to judgment as a matter of law. This standard aims to prevent the undue deprivation of the nonmoving party's right to test factual disputes at trial. However, this standard is manifestly unfair to the party resisting summary judgment if it has not had an adequate opportunity to explore the moving party's factual allegations through discovery. *See Miller v. Dell Financial Servs., L.L.C.*, Civ. Action No. 5:08-cv-01184, 2009 WL 1362485 at *2 (S.D. W. Va. May 13, 2009); *see also McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask.").

A motion for summary judgment is premature when filed before the parties have had adequate time for discovery. What the Court considers an adequate time for discovery is embodied in its scheduling orders. *See Miller*, 2009 WL 1362485 at *2. In this case, the

discovery process has only just begun. A scheduling order was entered on April 8, 2020, which established that the close of discovery would occur on December 31, 2020. (ECF No. 76.) The deadline for completing discovery has not passed. Additionally, Defendant maintains that further discovery is needed to develop facts relevant to Plaintiffs' motion for summary judgment and has made a formal request for further discovery in the form of a Rule 56(d) Affidavit. (ECF No. 64-1). A request for further discovery is "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *Citizens Bank of Kentucky v. Oaks, LLC*, Civ. Action No. 2:17-cv-02364, 2018 WL 2306667 (S.D. W. Va. May 21, 2018) (quoting *McCray*, 741 F.3d at 484 (citations omitted). A Rule 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *McCray*, 741 F.3d at 483–84 (quoting *Harrids Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Here, Defendant has supplied a Rule 56(d) affidavit which sets out specifically the discoverable information sought that is essential to its opposition of the pending motion. (ECF No. 64-1.)

Defendant is entitled to conduct discovery at its own pace and according to its own schedule, provided that it does so within the time constraints of the scheduling order. Accordingly, the Court **DENIES** Plaintiffs' Partial Motion for Summary Judgment as premature.[1]

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment, (ECF No. 56), is **DENIED** as premature.

**IT IS SO ORDERED**.

---

[1] Because discovery has only just begun and Plaintiffs' motion is obviously premature, the Court does not reach the merits of Defendant's other arguments in opposition.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                        ENTER:      May 14, 2020

                        THOMAS E. JOHNSTON, CHIEF JUDGE